UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80432-CIV-RYSKAMP/HOPKINS

DYAN HUNT, individually, and as parent
and guardian for KARL HUNT,

    Plaintiffs,

v.

AIMCO PROPERTIES, L.P.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court pursuant to Defendant's motion to dismiss the Second Amended Complaint, filed July 16, 2014 **[DE 22]**. Plaintiffs responded July 25, 2014 **[DE 25]**. Defendants replied August 1, 2014 **[DE 26]**. This motion is ripe for adjudication.

### I.    BACKGROUND

Plaintiffs Dyan and Karl Hunt live in an apartment in Reflections, located at 4918 Sand Stone Lane, Apartment 103, West Palm Beach, Florida 33417. At all times material, Defendant owned and operated the property. Dyan Hunt ("Ms. Hunt") is Karl Hunt's mother. Karl Hunt is 23 years old and was born with Down's Syndrome. Karl Hunt is intellectually disabled under 42 U.S.C. § 3602(h) and acts like a seven year old child.

The Hunts' rental lease was for a period of 12 months and was due to expire on November 19, 2012. On Thursday, August 30, 2012, Ms. Hunt discovered that Karl Hunt had been cleaning the bathroom of the clubhouse at the property. Ms. Hunt believed that Karl Hunt was in trouble for stealing toilet paper and that property manager Anne-Valery Jackson

("Jackson") chastised him for same.

Later that day, Ms. Hunt called the office and spoke with Jackson, who claimed that on August 25, 2012, Karl Hunt drew on a map of the property and informed Jackson that he was going to sacrifice Jackson and another employee of Defendant and then trap all the residents in their apartments and set the property on fire. Ms. Hunt advised Jackson that Karl Hunt was speaking about a graphic cartoon he enjoys watching and did not mean any harm in his statements. Jackson informed Ms. Hunt that such statements were not appropriate fodder for jokes. Jackson stated that the office staff had called Defendant's corporate office because the staff did not feel safe working at the office and that Defendant's legal department was involved in the matter.

The morning of Friday, August 31, 2012, Jackson and Deputy Josh Kushel came to the Hunts' apartment and asked to speak with Karl Hunt. The officer said there were allegations that Karl Hunt had been threatening the office staff. Karl Hunt denied the allegations. Ms. Hunt told the officer and Jackson that Karl Hunt was not threatening anyone and was in the office talking about the television series. Deputy Kushel warned Karl Hunt that if he went in or around the community clubhouse that he would be arrested.

Fifteen minutes after the police left, Ms. Hunt called Jackson and informed her that Ms. Hunt was attempting to find a place or organization that could keep Karl Hunt during the day while Ms. Hunt worked.

On August 31, 2012, Defendant decided not to renew the Hunts' lease. Later that day, Jackson posted a notice on the Hunts' door giving notification of a lease violation and giving a seven day notice of noncompliance with opportunity to cure because of Karl Hunt's actions

including, (1) aggressive and confrontational language and actions, (2) harassing management employees, (3) using obscenities, vulgar, profane, cursing, insulting, belligerent or threatening language or behavior towards management employees in and/or around the office, (4) threatening management employees and/or acting in a threatening manner and (5) stealing numerous rolls of toilet paper from the restrooms.

On Wednesday, September 12, 2012, a Notice of Non-Renewal was left on the Hunts' front door, stating that the Hunts could not continue their residency at Reflections and would have to vacate the premises on or before November 19, 2012. Defendants conducted no inquiry into Karl Hunt's disability prior to issuing this notice. Ms. Hunt packed up the apartment and got rid of various items of personal property. She paid for several background checks for applications to reside in other communities and for a rental agent to assist her with a move. On October 12, 2012, Ms. Hunt filed a complaint with the Palm Beach County Office of Equal Opportunity. A decision on this filing had not been made as of July 3, 2014, the date the second amended complaint was filed. On or about November 29, 2012, a new management company took over the property and allowed the Hunts to remain in their apartment.

The Hunts two-count Amended Complaint alleged denial or making a dwelling unavailable for rental due to animus directed toward Karl Hunt solely because of his disability and discrimination in terms and conditions of housing in violation of 42 U.S.C. § 3604(f)(2). The Court dismissed the complaint without prejudice on the grounds that Plaintiffs never requested an accommodation under the FHA and because there were no allegations that Defendant's alleged mistreatment of Karl Hunt was on account of Karl Hunt's disability.

4

The Hunts bring a three-count Second Amended Complaint, alleging denial or making a dwelling unavailable for rental due to animus directed toward Karl Hunt solely because of his disability in violation of 42 U.S.C. § 3604(f)(1), disparate treatment in terms and conditions of housing in violation of 42 U.S.C. § 3604(f)(2), and failure to provide a reasonable accommodation in violation of 42 U.S.C. § 3604(f)(3). Defendant moves to dismiss for failure to state a claim.

## II. **LEGAL STANDARD**

On a motion to dismiss, while the Court takes the plaintiff's allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (citing *South Florida Water Mgm't Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996)). Plaintiff's obligation to provide the grounds for his entitlement to relief requires more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 127 S.Ct. 1955, 1964 (2007) and finding allegations insufficient to meet *Twombly* standard). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 129 S.Ct. at 1950. A determination of whether a complaint states a plausible

claim for relief requires the reviewing court "to draw on its judicial experience and common sense." *Id.* When a plaintiff fails to plead factual content permitting the court to infer more than the mere possibility of misconduct, it has not "shown" entitlement to relief. *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

## III. DISCUSSION

### A. The Second Amended Complaint fails to state a claim under 42 U.S.C. § 3601(f)(1).

The FHA, 42 U.S.C. § 3601, *et seq,* prohibits discrimination in the sale or rental of a dwelling, or in the terms, conditions, or privileges of such sale or rental, to any buyer because of a disability of that buyer or renter, anyone residing or intending to reside in the dwelling, or any person associated with that buyer. 42 U.S.C. § 3601(f)(1). "Discrimination also includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Telesca v. Village of Kings Creek Condo. Ass'n, Inc.*, 390 Fed. Appx. 877, 880 (11th Cir. 2010) (quoting 42 U.S.C. § 3604(f)(3)(B)). Plaintiffs claim that Defendant discriminated against Karl Hunt by attempting to evict him from his apartment without making an "individualized assessment about whether Karl Hunt was a direct threat to the health or safety of others and failed to consider (1) the nature, duration, and severity of the risk of injury; (2) the probability that injury will actually occur; and (3) whether there are any reasonable accommodations that will eliminate the direct threat." (2d Am. Compl. ¶ 58.)

A plaintiff alleging disability discrimination based upon a failure to accommodate cannot state a claim without demonstrating that he or she actually requested an accommodation from the defendant. *Davis v. Habitat for Humanity of Bay County, Inc.*, No. 13-13283, 2014 WL 785222 at *2 (11th Cir., Feb. 28, 2014). That ruling is consistent with HUD's guidance on the issue, which provides that "[a]n applicant or resident is not entitled to receive a reasonable accommodation unless she requests one." OFFICE OF FAIR HOUSING AND EQUAL OPPORTUNITY, JOINT STATEMENT OF THE DEP'T OF HOUS. AND URBAN DEV. AND THE DEP'T OF JUSTICE, REASONABLE ACCOMMODATIONS UNDER THE FAIR HOUSING ACT at § 12, located on the Internet at http://www.justice.gov/crt/about/hce/jointstatement_ra.php (visited August 13, 2014) (the "Joint Statement").

Ms. Hunt argues that her statement to Jackson that Ms. Hunt was attempting to find a place or organization that could take Karl Hunt during the day constitutes a request for an accommodation. Ms. Hunt's statement to Jackson that Ms. Hunt was attempting to secure a place for Karl Hunt during the workday does not constitute a request for an accommodation from Defendant.

Ms. Hunt similarly complains that Defendant conducted no inquiry into Karl Hunt's disability and that the nature and severity of the disability was obvious and apparent to Defendant's staff. The FHA bars Defendant from making such an inquiry, however. The Joint Statement actually advises housing providers that they may not inquire into the nature of a tenant's disability, even if they suspect that the tenant is disabled:

> 16. What inquiries, if any, may a housing provider make of current or potential residents regarding the existence of a disability

when they have not asked for an accommodation?

Under the Fair Housing Act, it is usually unlawful for a housing provider to (1) ask if an applicant for a dwelling has a disability or if a person intending to reside in a dwelling or anyone associated with an applicant or resident has a disability; or (2) ask about the nature or severity of such persons' disabilities. Housing providers may, however, make the following inquiries, provided these inquiries are made of all applicants, including those with and without disabilities:

- An inquiry into an applicant's ability to meet the requirements of tenancy;

- An inquiry to determine if an applicant is a current illegal abuser or addict of a controlled substance;

- An inquiry to determine if an applicant qualifies for a dwelling legally available only to persons with a disability or to persons with a particular type of disability; and

- An inquiry to determine if an applicant qualifies for housing that is legally available on a priority basis to persons with disabilities or to persons with a particular disability.

\*       \*       \*

In some instances, a provider may also request certain information about an applicant's or a resident's disability if the applicant or resident requests a reasonable accommodation.

*Id.* at § 16. Defendant was under no obligation to inquire as to whether Karl Hunt was disabled. Rather, it was up to either Ms. Hunt or Karl Hunt to request a disability accommodation, and no request was made, thereby subjecting the entire complaint to dismissal.

**B.    The Second Amended Complaint fails to state a claim upon which relief may be granted under Section 3604(f)(2).**

In count two, Plaintiff purports to set forth a cause of action under Section 3604(f)(2) of the FHA by alleging that Defendant (1) excluded Karl Hunt from portions of

the property solely because of his disability; (2) had Karl Hunt perform tasks around the property because of his disability; and (3) barred Karl Hunt from the community rooms and/or office because of his disability, and (4) caused the police to issue a trespass notice because of his disability. Section 3604(f)(2) provides:

> As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful-
>
>> (f)(2) To discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of
>>
>>> (A) that person; or
>>>
>>> (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>>>
>>> (C) any person associated with that person.

None of the behavior complained of in the Second Amended Complaint constitutes a violation of this provision. Plaintiffs' allegation that Defendant's alleged behavior toward Karl Hunt was motivated by Karl Hunt's disability is pure conjecture.

Contrary to Ms. Hunt's allegations, Karl Hunt's alleged performance of tasks around the community does not give rise to a claim under Section 3604(f)(2). Nothing in the Second Amended Complaint alleges, or even suggests, that Karl Hunt's tenancy was in some way conditioned upon his completion of those tasks. Moreover, Ms. Hunt does not allege who, if anyone, asked Karl Hunt to perform these tasks, when the performance of the tasks occurred, or how many times it occurred. Without more, Karl Hunt's alleged

performance of menial tasks at the property does not give rise to a claim under Section 3604(f)(2), or under any other section of the FHA.

**C.  The Second Amended Complaint fails to state a claim under 42 U.S.C. § 3601(f)(3).**

Count three is a failure to accommodate claim. It has already been established that no accommodation was requested from Defendant. Count three therefore fails to state a claim for relief.

## IV.  CONCLUSION

THE COURT, having considered the pertinent portions of the record and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the motion to dismiss, filed July 16, 2014 [DE 22], is GRANTED. The Second Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 19 day of August, 2014.

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE