## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

DYAN HUNT, individually, and as a parent
and guardian for KARL HUNT,

      Plaintiff,

v.                               Case No. 9:14-cv-80432-Ryskamp/Hopkins

AIMCO PROPERTIES, L.P.,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT, AIMCO PROPERTIES, L.P.

Defendant, Aimco Properties, L.P. ("Aimco"), by and through its undersigned attorneys, Fox Rothschild LLP, hereby files this Answer with Affirmative Defenses (the "Answer") to the Second Amended Complaint (the "Complaint") filed by Plaintiff, Dyan Hunt ("Plaintiff"), individually, on her own behalf, and on behalf of Karl Hunt ("Karl").

### ANSWER TO JURISDICTIONAL ALLEGATIONS

1.      Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

2.      Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

### ANSWER TO THE PROPERTY

3.      Denied.

4.      Admitted.

5.      Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

## ANSWER TO GENERAL ALLEGATIONS

6.      Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.   After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of Plaintiff's remaining allegations regarding Karl and, accordingly, they are denied.

7.      Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

8.      Admitted, upon information and belief.

9.      Denied.  The lease and any renewal leases or amendments thereto are written documents that speak for themselves and Plaintiff's mischaracterizations of those documents are denied insofar as they are inconsistent with the documents themselves.

10.     Denied.  The referenced lease is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.

11.     Admitted in part and denied in part.  It is admitted only that Anne-Valery Jackson was the manager at Reflections.   After reasonable investigation, Aimco is without sufficient knowledge or information to determine what period Plaintiff considers "all times material," and, accordingly, that allegation is denied.  Aimco denies the remaining allegations contained in this Paragraph.

12.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and, accordingly, they are denied.

2

13.     Admitted in part and denied in part.  It is admitted only that Plaintiff received a Notice of Required Notice to Vacate on or about August 13, 2012.  The Notice, the lease, and the referenced flyer are written documents that speak for themselves and Plaintiff's mischaracterizations of those documents are denied insofar as they are inconsistent with the documents themselves.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations regarding her intent, and, accordingly, that allegation is denied.

14.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

15.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  Aimco specifically denies that it treated Karl "differently, solely because of his disability."

16.     Denied.  The referenced records are written documents that speak for themselves and Plaintiff's mischaracterizations of those documents are denied insofar as they are inconsistent with the documents themselves.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph and, accordingly, they are denied.

17.     Admitted in part and denied in part.  It is admitted only that Plaintiff and Jackson spoke via telephone in or about the end of August 2012.  It is denied that the call occurred on August 30, 2012.  After reasonable investigation, Aimco is without sufficient knowledge or

information to form a belief about the truth of the remaining allegations contained in this Paragraph and, accordingly, they are denied.  Aimco's Activity Log, attached to the Complaint as Exhibit "B" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.

18.     Denied.  Aimco's Activity Log, attached to the Complaint as Exhibit "B" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph and, accordingly, they are denied.

19.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

20.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

21.     Denied.  Aimco's Activity Log, attached to the Complaint as Exhibit "B" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.  The allegations contained in this Paragraph also constitute conclusions of law to which no response is required and, accordingly, they are denied.  Aimco denies that it made a decision to not allow Plaintiff and Karl "to renew their lease solely because of a perceived threat due to Karl Hunt's disability."

4

22.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

23.     Admitted in part and denied in part.  It is admitted only that Deputy John Kushel and Jackson went to the Hunt's apartment and spoke with Karl on or about August 31, 2012. After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph and, accordingly, they are denied.  Aimco's Activity Log, attached to the Complaint as Exhibit "B" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.

24.     Denied.  Aimco's Activity Log, attached to the Complaint as Exhibit "B" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph and, accordingly, they are denied.

25.     Admitted in part and denied in part. It is admitted only that Deputy Kushel warned Karl not to return to the clubhouse.  Aimco's Activity Log, attached to the Complaint as Exhibit "B" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph and, accordingly, they are denied.

26.     Denied.  Aimco's Activity Log, attached to the Complaint as Exhibit "B" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph and, accordingly, they are denied.

27.     Admitted in part and denied in part.  It is admitted only that the Notice attached to the Complaint as Exhibit "C" was posted on Plaintiff's door by Jackson on or about August 31, 2012.  That Notice and Aimco's Activity Log are written documents that speak for themselves and Plaintiff's mischaracterizations of those documents are denied insofar as they are inconsistent with the documents themselves.

28.     Denied.

29.     Denied.

30.     Admitted in part and denied in part.  It is admitted only that the Notice attached to the Complaint as Exhibit "D" was left at Plaintiff's door on or about September 12, 2012.  That Notice and Aimco's Activity Log are written documents that speak for themselves and Plaintiff's mischaracterizations of those documents are denied insofar as they are inconsistent with the documents themselves.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph regarding the identity of the person who left the Notice and, accordingly, they are denied.

31.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

32.     Denied.

33.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

34.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.  Aimco denies that it "used Karl Hunt to do tasks around the development," as alleged in this Paragraph.

35.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

36.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

37.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

38.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  To the extent that these allegations are factual in nature, after reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

39.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

40.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

41.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

42.     Admitted in part and denied in part.  It is admitted only that Plaintiff filed a Complaint with the Palm Beach County Office of Equal Opportunity on or about October 12, 2012, that the U.S. Department of Housing and Urban Development ("HUD") did not issue a finding of cause, and that Plaintiff initiated this litigation.  The Complaint is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.

43.     Admitted in part and denied in part.  It is admitted only that a new owner purchased the Reflections property in or about October 2012.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

44.     Denied.  The document attached to the Complaint as Exhibit "E" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

8

45.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.   After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

46.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.   After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

47.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

48.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

49.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

50.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

## ANSWER TO COUNT I – ALLEGED DISPARATE TREATMENT – ALLEGEDLY DENYING OR MAKING A DWELLING UNAVAILABLE IN VIOLATION OF 42 U.S.C. § 3604(f)(1)

51.     Aimco incorporates the preceding Paragraphs of this Answer by reference as if set forth at length herein.

52.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

53.     Denied.

54.     Denied.

55.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

56.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

57.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

58.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

59.     Denied.

60.     Denied.

61.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

62.     Denied.

63.     Denied.

64.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

65.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  To the extent that the allegations contained in this Paragraph are factual, they are denied.

66.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

67.     Admitted in part and denied in part.  It is admitted only that Plaintiff has repeatedly admitted that she did not request a reasonable accommodation under the Fair Housing Act and that she did not intend to bring a failure to accommodate claim.  The operative Complaint and the preceding Complaints, which contain the same admissions, are written documents that speak for themselves and Plaintiff's mischaracterizations of those documents are denied insofar as they are inconsistent with the documents themselves.

68.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

WHEREFORE, Defendant, Aimco Properties L.P., demands judgment in its favor and against Plaintiff, Dyan Hunt, individually on her own behalf and on behalf of Karl Hunt, along with an award of attorneys' fees, costs, and any other relief that this Court deems necessary, just, and appropriate.

## ANSWER TO COUNT II – ALLEGED DISPARATE TREATMENT – ALLEGED DISCRIMINATION IN TERMS AND CONDITIONS IN VIOLATION OF 42 U.S.C. § 3604(f)(2)

69.     Aimco incorporates the preceding Paragraphs of this Answer by reference as if set forth at length herein.

70.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  Aimco specifically denies

that it "yell[ed] at KARL HUNT and excluded him from portions of the residence solely because of his disability."

71.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  Aimco specifically denies that it had Karl "clean bathrooms, collect garbage and do other jobs throughout the community…."

72.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  Aimco specifically denies that it barred Karl "from the community rooms or the office solely because of his disability" or caused "the police to issue a trespass notice solely because of his disability…."

73.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  Aimco specifically denies that it limited the use of facilities or required a person with a developmental disability to do work throughout the community without his parent or guardian's knowledge and consent."

74.     Denied.

75.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

76.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  Aimco specifically denies that it barred Karl from areas of the property prior to his issuance of threats to cause bodily harm to staff and residents and to cause damage to the property, and also specifically denies that it used Karl "to perform maintenance jobs…."

12

77. Denied. The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

78. Admitted in part and denied in part. It is admitted only that Plaintiff has repeatedly admitted that she did not request a reasonable accommodation under the Fair Housing Act and that she did not intend to bring a failure to accommodate claim. The operative Complaint and the preceding Complaints, which contain the same admissions, are written documents that speak for themselves and Plaintiff's mischaracterizations of those documents are denied insofar as they are inconsistent with the documents themselves.

79. Denied. The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied. After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

WHEREFORE, Defendant, Aimco Properties L.P., demands judgment in its favor and against Plaintiff, Dyan Hunt, individually on her own behalf and on behalf of Karl Hunt, along with an award of attorneys' fees, costs, and any other relief that this Court deems necessary, just, and appropriate.

### ANSWER TO COUNT III – ALLEGED FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF 42 U.S.C. § 3604(f)(3)

80. Aimco incorporates the preceding Paragraphs of this Answer by reference as if set forth at length herein.

81. Denied. The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

82.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.   After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

83.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

84.     Denied.  Aimco's Activity Log, attached to the Complaint as Exhibit "B" is a written document that speaks for itself and Plaintiff's mischaracterizations of that document are denied insofar as they are inconsistent with the document itself.

85.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  By way of further answer, Plaintiff has repeatedly admitted in the Complaint, First Amended Complaint, Second Amended Complaint and other filings in this lawsuit that she did not request a reasonable accommodation under the Fair Housing Act and that she did not intend to bring a failure to accommodate claim.

86.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

87.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

88.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  By way of further answer, Plaintiff has repeatedly admitted in the Complaint, First Amended Complaint, Second Amended

Complaint and other filings in this lawsuit that she did not request a reasonable accommodation under the Fair Housing Act and that she did not intend to bring a failure to accommodate claim.

89.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  By way of further answer, Plaintiff has repeatedly admitted in the Complaint, First Amended Complaint, Second Amended Complaint and other filings in this lawsuit that she did not request a reasonable accommodation under the Fair Housing Act and that she did not intend to bring a failure to accommodate claim.

90.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.   After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

91.     Denied. After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

92.     Denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

93.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.   After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.  By way of further answer, Plaintiff has repeatedly admitted in the Complaint, First Amended Complaint, Second Amended Complaint and other filings in this lawsuit that she did not request a reasonable

15

accommodation under the Fair Housing Act and that she did not intend to bring a failure to accommodate claim.

94.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  That Notice and Aimco's Activity Log are written documents that speak for themselves and Plaintiff's mischaracterizations of those documents are denied insofar as they are inconsistent with the documents themselves.  Aimco specifically denies that it called the police to the Hunts' apartment several days after Plaintiff allegedly stated that she was looking to find an organization that could watch Karl during the day.

95.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  By way of further answer, Plaintiff has repeatedly admitted in the Complaint, First Amended Complaint, Second Amended Complaint and other filings in this lawsuit that she did not request a reasonable accommodation under the Fair Housing Act and that she did not intend to bring a failure to accommodate claim.

96.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.

97.     Denied.  The allegations contained in this Paragraph constitute conclusions of law to which no response is required and, accordingly, they are denied.  After reasonable investigation, Aimco is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph and, accordingly, they are denied.

WHEREFORE, Defendant, Aimco Properties L.P., demands judgment in its favor and against Plaintiff, Dyan Hunt, individually on her own behalf and on behalf of Karl Hunt, along

with an award of attorneys' fees, costs, and any other relief that this Court deems necessary, just, and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Aimco did not own or operate the Reflections at West Palm Beach apartment complex, at any time between November 2006, when Plaintiff alleges she began residing at Reflections of West Palm Beach, and October 2012, when the Reflections of West Palm Beach Property was sold, and, therefore, did not own or operate the Reflections of West Palm Beach Property at the time of the occurrences that form the basis of Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

Jackson was not an employee or independent contractor of Aimco at any time between November 2006, when Plaintiff alleges she began residing at Reflections of West Palm Beach, and October 2012, when the Reflections of West Palm Beach Property was sold.  Because Aimco did not employ or contract with Jackson at any time relevant to this litigation, it cannot be held vicariously liable for her conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not ask for an accommodation. at any time between November 2006, when Plaintiff alleges she began residing at Reflections of West Palm Beach, and October 2012, when the Reflections of West Palm Beach Property was sold.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts every defense available to it under the Fair Housing Act.

17

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not unlawfully discriminate against Plaintiff or Karl.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited under the doctrine of justification.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the doctrines of waiver and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has repeatedly admitted during the course of this litigation that she did not

request an accommodation from Defendant, and is therefore barred from asserting or recovering

under the claims set forth in Count III of the Complaint arising from an alleged violation of

Section 3604(c) of the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Defendant did not discriminate in the rental of Plaintiff's unit or otherwise make

unavailable or deny Plaintiff's unit to Plaintiff or Karl because of Karl's handicap.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff or Karl in the terms, conditions, or

privileges of sale or rental of Plaintiff's unit, or in the provision of services or facilities in

connection with Plaintiff's unit because of Karl's disability.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant did not refuse to make reasonable accommodations in rules, policies,

practices, or services necessary to afford Plaintiff or Karl equal opportunity to use and enjoy

Plaintiff's unit.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has not violated the Fair Housing Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant was not the cause in fact or the proximate cause of any damage allegedly suffered by Plaintiff or Karl.

## FIFTEENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor Karl have suffered any damage as a result of any action or inaction of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

The police, and not Defendant, barred Karl from the Reflections' office, and did so after Karl made statements that witnesses reasonably understood to be threats to cause bodily harm and death to staff members and residents and to cause property damage to Reflections, including, *inter alia*, setting fire to the entire complex after locking residents in their units.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all times relevant hereto.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of punitive damages because, *inter alia*, Defendant did not act willfully, wantonly, intentionally, maliciously, or with discriminatory animus at any time relevant hereto.

## NINETEENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor Karl has suffered any damage.

## <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Plaintiff and Karl failed to mitigate their respective damages, to the extent that either have suffered any damage at all, which Defendant denies.

## <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

There is no basis for awarding damages under the facts and circumstances of this case because Defendant has not violated the Fair Housing Act or any other applicable law.

## <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Defendant reserves the right to assert such additional affirmative and other defenses that may become known during discovery or otherwise.

WHEREFORE, Defendant, Aimco Properties L.P., demands judgment in its favor and against Plaintiff, Dyan Hunt, individually on her own behalf and on behalf of Karl Hunt, along with an award of attorneys' fees, costs, and any other relief that this Court deems necessary, just, and appropriate.

Dated: June 24, 2016

/s/   W Mason_____
W Mason
Florida Bar No: 0066229
wmason@foxrothschild.com
Fox Rothschild LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, Florida  33401
Telephone:    (561) 804-4432
Facsimile:    (561) 835-9602

Scott M. Badami
sbadami@foxrothschild.com
W. Christian Moffitt
cmoffitt@foxrothschild.com
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, Pennsylvania  19422
Telephone:    (610) 397-7974
Facsimile:    (610)397-0450

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 24, 2016, a true and correct copy of the foregoing document is being filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic filing to: Matthew W. Dietz, mdietz@justdigit.org; 2990 Southwest 35th Avenue, Miami, Florida 33133.

*/s/ W Mason*

W Mason