UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80432-Civ-Rosenberg/Brannon

DYAN HUNT, individually, and as
parent and guardian for Karl Hunt,

    Plaintiffs,

vs.

AIMCO PROPERTIES, L.P.,

    Defendant.

_____/

## **DISCOVERY ORDER MEMORIALIZING COURT RULINGS**

THIS CAUSE is before the Court following a discovery conference held on August 25, 2016. At issue was Plaintiffs' motion to compel Defendant to respond to 17 outstanding interrogatories and 17 outstanding production requests. Having heard from counsel at the hearing, the Court ruled on the disputed matter. This Order serves to memorialize the Court's rulings.

### I.    Defendant's Untimely Objections are Waived

Rules 33 and 34 provide that a party to whom an interrogatory or a production request is directed must respond within 30 days after being served, unless the parties stipulate to a shorter or longer time under Rule 29 or the court orders otherwise. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). When a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *Romacorp, Inc. v. Prescient, Inc.*, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011). However, the Court can excuse an untimely response for good cause. *Bank of*

*Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 518 (S.D. Fla. 2009).

Here, Defendant served its responses to Plaintiff's first sets of interrogatories and production requests over three months after they were served and, quite notably, the day before the motion to compel was set to be heard. Although counsel for both sides acknowledge that there was mutual agreement as to certain extensions pending the outcome of mediation, defense counsel freely admitted at the hearing that the responses were served beyond even the agreed-upon extension dates.

The Court finds that Defendant's discovery responses were untimely. Other than agree to certain extensions of time, Defendant apparently did nothing until faced with a hearing on Plaintiff's motion to compel. Defendant has not demonstrated good cause for its late responses. Their objections are therefore deemed waived.

## II.     Defendant's Practice of Objecting, then Answering

Moreover, in response to each and every one of Plaintiff's 34 discovery requests, Defendant asserts objections and then proceeds to answer each request subject to and without waiving the objections. This practice is disfavored by courts in the Eleventh Circuit on grounds that "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *3 (S.D. Fla. Nov. 18, 2014) (collecting cases).

As aptly noted by one court, such objections and answer "preserve[ ] nothing and serve[ ] only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Consumer Elecs. Ass'n v. Compras and Buys Magazine, Inc.*, No. 08–21085–Civ, 2008

WL 4327253, at *3 (S.D. Fla. Sept.18, 2008); *see also Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns*, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014) (practice of objecting to discovery requests and then answering "subject to" or without waiving" objections "is manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure"; joining "a growing number of federal district courts in concluding that such conditional answers are invalid and unsustainable").

Another court notes that "answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. Other courts have remarked that all a mixed response really says is the counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it wise to cover all bets anyway just in case." *Chemoil Corp. v. MSA V*, 2013 WL 944949, at *2 (M.D. Fla. Mar. 12, 2013). Accordingly, Defendant's objections followed by a substantive response are overruled. As agreed to at the hearing, the parties shall jointly confer about the propriety of seeking a protective order to govern their exchange of certain confidential information.

Consistent with the foregoing, the Court ORDERS as follows:

(1) Counsel for the parties shall confer in good faith regarding the filing of an appropriate motion for entry of a protective order governing their exchange of confidential information in this patent case. **By or before 12:00 Noon EST on Thursday, September 1, 2016,** a designated party shall file an appropriate motion for entry of a protective order.

(2) Defendant's objections to each interrogatory and production request are OVERRULED. Defendant shall serve upon Plaintiff supplemental

responses to Plaintiff's first set of interrogatories and production requests—inclusive of the emails allegedly withheld subject only to the entry of a protective order—**by or before 12:00 P.M. Noon EST on Thursday, September 8, 2016.**

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 25th day of August, 2016.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE