UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80432-Civ-Rosenberg/Brannon

DYAN HUNT, individually, and as
parent and guardian for Karl Hunt,

    Plaintiffs,

vs.

AIMCO PROPERTIES, L.P.,

    Defendant.

_____/

ORDER GRANTING MOTION FOR PROTECTIVE ORDER

THIS CAUSE is before the Court upon a Motion for Entry of Protective Order Regarding Privileged Documents (DE 53). The parties are in agreement as to the entry of a Protective Order to protect information and documents protected by the attorney-client privilege and work product doctrines. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502 and applicable law, the Court

ORDERS that the Motion is GRANTED. The following terms and conditions shall govern the disclosure and use of certain confidential information identified below for purposes of this litigation:

1.     This Order establishes a procedure for disclosing certain Confidential Information (defined below) in this proceeding and imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure. This Order also ensures that the privileges and protections applicable to the Confidential Information are not waived in this or any other current or future proceeding in any state or federal court involving

1

these same or other parties. The documents subject to this Order are specifically identified on the privilege log attached hereto **as Exhibit A** and are protected from public disclosure by the attorney-client privilege, work product doctrine, or both (hereinafter, the "Confidential Information").

2. This Order covers information and documents that the Defendant, AIMCO Properties, L.P. ("Defendant") withheld from discovery in response to discovery requests served by Plaintiff Dyan Hunt, individually and as parent and guardian for Karl Hunt ("Plaintiff"), based upon the attorney-client privilege and/or work product protection identified in Exhibit A. The parties further agree that such documents and information are disclosed in accordance with this Order only for this litigation and shall not be used, disclosed, or communicated in any other litigation, and shall otherwise be treated as strictly confidential. The parties further agree that they will use Confidential Information solely for the purpose of facilitating the prosecution or defense of the action and not for any other purpose.

3. The disclosure of this Confidential Information does not waive the attorney-client privilege or work product protections applicable to the information and documents disclosed in accordance with this Order or any undisclosed communications or information concerning the subject matter, whether in connection with this litigation or any other federal or state proceeding.

4. Defendant and any of its officers, directors, shareholders, members, owners, partners, agents, servants, employees, representatives, private investigators, or others acting on its behalf, including its attorneys, along with any of its affiliated corporate entities, parents, or subsidiaries, including specifically Apartment Investment and Management Company ("AIMCO"), preserves the claim of privilege as to the Confidential Information in this litigation and in any future litigation, and against all other parties or entities.

5. The disclosure of this Confidential Information in accordance with this Order shall in no way waive any privilege or objection to any other documents responsive to any future discovery requests propounded on Defendant by Plaintiff.

6. Defendant shall designate the documents subject to this protective order by affixing the word "CONFIDENTIAL" or "CONFIDENTIAL IN PART" to applicable pages of each document at the time of production.

7. Because any document or information disclosed pursuant to the terms of this Protective Order cannot be used for any purpose other than this litigation, information and documents subject to this Order may be disclosed only to: (a) a party; (b) counsel of record for the parties in this case, and their staff and other attorneys in their firms, namely: DISABILITY INDEPENDENCE GROUP, Attorneys for Plaintiff, and FOX ROTHSCHILD LLP, Attorneys for Defendant; (c) witnesses; (d) experts and consultants retained by a party for assistance in trial preparation or for testimony; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (f) the Court and its personnel; and (g) for use in trial.

8. Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written assurance of any person to whom any Confidential Information is disclosed (other than the Court, outside counsel for a party, and their respective staff) to be bound by the terms of this Order. Such written assurance shall be in the form annexed hereto **as Exhibit B**. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice

shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. Confidential Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if: (i) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a corporate designee; (ii) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (iii) counsel for Defendant agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

10. All experts retained by a party for assistance in trial preparation or for testimony will be provided a copy of this Protective Order and be made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality.

11. This Protective Order will not prohibit the use of Confidential Information in depositions of witnesses allowed access to such documents under the terms of this Protective Order and/or trial.

12. A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the

time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date the transcript of the deposition is received from the Court reporter to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information.

13. The parties shall act to protect from public disclosure all information and documents disclosed or produced under this Order and designated as Confidential Information.

14. This Protective Order may be modified by joint motion of the parties, upon further order of the Court. Nothing in this Protective Order shall prohibit Defendant and any of its officers, directors, shareholders, members, owners, partners, agents, servants, employees, representatives, private investigators, or others acting on its behalf, including its attorneys, along with any of its affiliated corporate entities, parents, or subsidiaries, from seeking or receiving further protection of Confidential Information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders. If any party wishes to modify this Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this litigation. Modification of this Order after termination of this litigation, by judgment, settlement or otherwise, shall not be permitted. Until modification is granted by Court order, the terms of this Order will govern.

15. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

16. This Order shall not preclude the Court or its personnel from reviewing any documents or information as necessary for the conduct of this litigation. Confidential documents filed with the Court shall be filed under seal in compliance with the Local Rules and Electronic

Case Filing Procedures for the Southern District of Florida. Prior to disclosure at trial or a hearing of materials or information designated as Confidential, the parties may seek further protections against public disclosure from the Court.

17. Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the Defendant all materials and documents designated Confidential Information, and to certify to the Defendant such destruction or return upon request.

18. The parties or other persons subject to the terms of this Protective Order agree that if they receive a subpoena or other request for the production of documents from a non-party that may require the production of documents designated as "Confidential" the party receiving the subpoena or request shall promptly give written notice to the Defendant identifying the information sought and enclosing a copy of the subpoena. Notice shall be provided to counsel for Defendant in writing. The person or party subject to the subpoena shall not produce or disclose the requested information without consent of the Defendant or until ordered to do so by a court of competent jurisdiction.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of September, 2016.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE

Dyan Hunt, individually and as parent and guardian for Karl Hunt, v. Aimco Properties, Inc., No. 9:14-cv-80432-RLR (S.D. Fla.)

| NO. | AUTHOR | RECIPIENTS | CC/BCC | DATE | DOC TYPE | PRIVILEGE BASIS | SUBJECT |
|---|---|---|---|---|---|---|---|
| 1 | Anne-Valery Jackson | Nick Billings, Esq.; Bryan Kebrdle; Dawn Williams; Caroline Lopez; Patrick Jones; Ken Diamond, Esq.; Karyn Marasco; Marcia Leake; Don Lyon | Mike Davis, Esq. | 9/14/2012 | Email String | Attorney-Client Privilege and reflecting attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 2 | Ken Diamond, Esq. | Mike Davis, Esq.; Nick Billings, Esq.; Bryan Kebrdle; Anne-Valery Jackson; Dawn Williams; Caroline Lopez; Patrick Jones; Karyn Marasco; Marcia Leake; Don Lyon | | 9/14/2012 | Email String | Attorney-Client Privilege and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 3 | Mike Davis, Esq. | Nick Billings, Esq.; Bryan Kebrdle; Anne-Valery Jackson; Dawn Williams; Caroline Lopez; Patrick Jones; Ken Diamond, Esq.; Karyn Marasco; Marcia Leake; Don Lyon | | 9/13/2012 | Email String | Attorney-Client Privilege, Attorney Work Product and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 4 | Ken Diamond, Esq. | Nick Billings, Esq.; Bryan Kebrdle; Anne-Valery Jackson; Dawn Williams; Caroline Lopez; Patrick Jones; Karyn Marasco; Marcia Leake; Don Lyon | Mike Davis, Esq. | 9/13/2012 | Email String | Attorney-Client Privilege and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 5 | Nick Billings, Esq. | Bryan Kebrdle; Anne-Valery Jackson; Dawn Williams; Caroline Lopez; Patrick Jones; Ken Diamond, Esq.; Karyn Marasco; Marcia Leake; Don Lyon | Mike Davis, Esq. | 9/13/2012 | Email String | Attorney-Client Privilege and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |

DEFENDANT'S PRIVILEGE LOG
1


EXHIBIT A

Dyan Hunt, individually and as parent and guardian for Karl Hunt, v. Aimco Properties, Inc., No. 9:14-cv-80432-RLR (S.D. Fla.)

| NO. | AUTHOR | RECIPIENTS | CC/BCC | DATE | DOC TYPE | PRIVILEGE BASIS | SUBJECT |
|---|---|---|---|---|---|---|---|
| 6 | Bryan Kebrdle | Anne-Valery Jackson); Dawn Williams; Caroline Lopez; Patrick Jones; Ken Diamond, Esq.; Nick Billings, Esq.; Karyn Marasco; Marcia Leake; Don Lyon | Mike Davis, Esq. | 9/13/2012 | Email String | Attorney-Client Privilege and reflecting attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 7 | Anne-Valery Jackson | Dawn Williams | | 9/13/2012 | Email String | Reflecting Attorney-Client Privilege and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 8 | Anne-Valery Jackson | Anne-Valery Jackson; Dawn Williams; Caroline Lopez; Bryan Kebrdle; Patrick Jones; Ken Diamond, Esq.; Nick Billings, Esq.; Karyn Marasco; Leake, Marcia (Greenville); Don Lyon | Patricia Nelson; Jennifer Johnson | 9/13/2012 | Email String | Attorney-Client Privilege and reflecting attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 9 | Anne-Valery Jackson | Dawn Williams | | 8/31/2012 | Email String | Reflecting Attorney-Client Privilege and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 10 | Anne-Valery Jackson | Dawn Williams; Caroline Lopez; Bryan Kebrdle; Patrick Jones; Ken Diamond, Esq.; Nick Billings, Esq.; Karyn Marasco; Marcia Leake; Don Lyon | Patricia Nelson; Jennifer Johnson | 8/31/2012 | Email String | Attorney-Client Privilege and reflecting attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |

Dyan Hunt, individually and as parent and guardian for Karl Hunt, v. Aimco Properties, Inc., No. 9:14-cv-80432-RLR (S.D. Fla.)

| NO. | AUTHOR | RECIPIENTS | CC/BCC | DATE | DOC TYPE | PRIVILEGE BASIS | SUBJECT |
|---|---|---|---|---|---|---|---|
| 11 | Dawn Williams | Anne-Valery Jackson; Caroline Lopez; Bryan Kebrdle; Patrick Jones; Ken Diamond, Esq.; Nick Billings, Esq.; Karyn Marasco; Marcia Leake; Don Lyon | Patricia Nelson; Jennifer Johnson | 8/31/2012 | Email String | Attorney-Client Privilege and reflecting attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 12 | Dawn Williams | Anne-Valery Jackson; Caroline Lopez; Bryan Kebrdle; Patrick Jones; Ken Diamond, Esq.; Nick Billings, Esq.; Karyn Marasco; Marcia Leake; Don Lyon | Patricia Nelson; Jennifer Johnson | 8/31/2012 | Email | Reflecting Attorney-Client Privilege and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 13 | Don Lyon | Dawn Williams | | 8/30/2012 | Email String | Reflecting Attorney-Client privilege | Direct Threat Analysis and Assessment |
| 14 | Bryan Kebrdle | Marcia Leake; Caroline Lopez | Dawn Williams | 8/30/2012 | Email String | Reflecting Attorney-Client Privilege and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 15 | Don Lyon | Dawn Williams | | 8/30/2012 | Email String | Reflecting Attorney-Client privilege | Direct Threat Analysis and Assessment |

Dyan Hunt, individually and as parent and guardian for Karl Hunt, v. Aimco Properties, Inc., No. 9:14-cv-80432-RLR (S.D. Fla.)

| NO. | AUTHOR | RECIPIENTS | CC/BCC | DATE | DOC TYPE | PRIVILEGE BASIS | SUBJECT |
|---|---|---|---|---|---|---|---|
| 16 | Marcia Leake | Bryan Kebrdle; Caroline Lopez | Dawn Williams | 8/30/2012 | Email String | Reflecting Attorney-Client Privilege and attorney mental impressions, conclusions and opinions | Direct Threat Analysis and Assessment |
| 17 | Marcia Leake | Dawn Williams | | 8/30/2012 | Email String | Reflecting Attorney-Client privilege | Direct Threat Analysis and Assessment |
| 18 | Marcia Leake | Dawn Williams | | 8/30/2012 | Email String | Reflecting Attorney-Client privilege | Direct Threat Analysis and Assessment |

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80432-Civ-Rosenberg/Brannon

DYAN HUNT, individually, and as
parent and guardian for Karl Hunt,

    Plaintiffs,

vs.

AIMCO PROPERTIES, L.P.,

    Defendant.

_____/

**WRITTEN ASSURANCE**

    I have read the Stipulated Protective Order that has been entered in this proceeding pending in the United States District Court for the Southern District of Florida, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with, and to be bound by its provisions. I agree that I will use "Confidential" material or information solely for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

    I further agree that I shall not disclose "Confidential" material or information to anyone other than persons permitted to have access to such material or information, pursuant to the terms and restriction of the Order. I further agree that, upon termination of this proceeding, or sooner if so requested, I shall return all confidential material provided to me, including all copies and excerpts thereof, pursuant to the terms of the Order.

I submit myself to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____         _____
Date                                    Signature

                                        _____
                                        Print Name

                                        _____
                                        Company

                                        _____
                                        Address